■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GRETCHEN MOXLEY, Respondent, against RENSSELAER TAYLOR, as Warden of Albany County Jail, Appellant.— Order reversed, on the law, and writ of habeas corpus, dismissed (*People ex rel. Jackson* v. *Fennelly,* 5 A D 2d 71). Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ In the Matter of the Claim of DIANA T. SLAVE, Appellant, against NEW YORK STATE WORKMEN'S COMPENSATION BOARD et al., Respondents.— Claimant appeals from a decision of the Workmen's Compensation Board which denied disability and death claims on the grounds that the claimant (in the disability claim) did not sustain an accident arising out of and in the course of his employment, and that (in the death benefits claim) death was not the result of an industrial accident. Decedent was employed as a hearing reporter by the Workmen's Compensation Board. Concededly, decedent had suffered from chronic rheumatic heart disease, dating back to the age of seven. He had been under treatment for rheumatic heart disease for two or three years prior to the alleged accident of September 21, 1954. Because of his condition, the employer had for several years permitted him to cease work at four o'clock P.M., to lessen the strain of the work day and to avoid the subway "rush" in going to his home. The alleged "accident" is that on September 21, 1954, he worked longer than usual, reported a referee's hearings from 1:30 P.M., until 6:00 P.M., and felt what he termed "heart palpitations" during the latter part of the afternoon. He felt tired and weak when he finished work. He took a subway as usual, and walked five blocks from a subway station to his home; ate dinner and retired. He went to work the next day and continued to work until October 25, 1954, when he suffered an embolism in his left leg, followed by a similar complication in his right leg and in his spleen. On July 5, 1955, he was operated upon for the removal of the emboli in both legs, and died during the operation. While claimant contends that the only medical testimony in the death claim causally relates the death to the incident of September 21, 1954, the board had before it conflicting medical evidence relating to the cause of decedent's condition and disability prior to death. There is substantial medical proof in the record that the rheumatic heart disease was chronic and progressive, requiring drastic treatment, and would inevitably produce the cardiac failure, unrelated to effort. A factual question was presented and the findings of the board are

supported by substantial evidence. Decision affirmed, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.